NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

IN RE: MH 2020-001691

No. 1 CA-MH 20-0030
FILED 4-20-2021

———————————————

Appeal from the Superior Court in Maricopa County
No.  MH 2020-01691
The Honorable Steven K. Holding, Judge *Pro Tempore* (Retired)

**AFFIRMED**

———————————————

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Anne C. Longo
*Counsel for Appellee*

_____

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

_____

**B R O W N**, Judge:

**¶1**   Appellant challenges the superior court's order compelling him to undergo involuntary mental health treatment. He argues the evidence was insufficient to support the order. For the following reasons, we affirm.

## BACKGROUND

**¶2**   Appellant suffers from schizoaffective disorder, bipolar type. In 2019, the superior court ordered Appellant to receive court-ordered treatment for at least the 11th time. When he completed about 170 of the 180-day inpatient component of the 2019 order, a deputy medical director petitioned for further court-ordered treatment. The petition alleged in part that Appellant was persistently or acutely disabled and was supported by affidavits from two physicians, Dr. Payam Sadr and Dr. Nandni Gupta. The superior court conducted a hearing on the petition at which the parties stipulated to the admission of the two affidavits, and the court heard testimony from several other witnesses, including Appellant.

**¶3**   Dr. Sadr noted Appellant had auditory and visual hallucinations. Dr. Gupta explained Appellant was a danger to himself because the auditory hallucinations told him to self-harm and he suffered from paranoia. Both physicians expressed concern because Appellant struggled to respond appropriately to questions. Dr. Sadr stated that Appellant appeared disheveled, could not identify why he was there, "laugh[ed] inappropriately," and spoke "nonsensically." When Dr. Gupta asked about the time Appellant jumped out of a moving car on the freeway, Appellant sang a song about jumping out of a car. The doctors opined that Appellant needed further court-ordered treatment because he is unable to care for himself or achieve stability for his psychiatric symptoms in an outpatient setting.

**¶4**   Appellant's case manager testified that before the 2019 order, Appellant had difficulty completing activities of daily living including eating, bathing, and keeping himself safe; Appellant also continued to use

illegal substances. Historically, Appellant would be admitted to a facility and become stabilized, but then discontinue treatment and medication by leaving the facility. A psychiatric nurse practitioner who worked with Appellant testified that while in treatment under the 2019 order, Appellant's medications were switched, his internal stimuli had decreased, and he could complete more activities of daily living. But Appellant continued to have auditory hallucinations, delusional thought content, and paranoia.

¶5        The superior court found by clear and convincing evidence that Appellant needed psychiatric treatment but was unwilling to accept it voluntarily. With no appropriate or available alternatives, the court ordered Appellant to undergo combined inpatient and outpatient treatment for 365 days or until he is no longer persistently or acutely disabled. Appellant timely appealed.

¶6        We recognize, due to no fault of the parties, this appeal is now moot because more than 365 days have passed since the superior court issued its treatment order. Appellate courts generally do not consider moot questions. *Slade v. Schneider*, 212 Ariz. 176, 179, ¶ 15 (App. 2006). In our discretion, however, we may choose to address a moot question when the order at issue entails collateral consequences that will continue to affect a party. *In re M.H. 2007-001236*, 220 Ariz. 160, 165, ¶ 12 n.3 (App. 2008). Given the potential impact of an additional involuntary treatment order on Appellant's future interests, in our discretion we consider the merits of the appeal.

## DISCUSSION

¶7        The degree of proof required for court-ordered treatment is clear and convincing evidence. A.R.S. § 36-540(A); *In re Mental Health Case No. MH 94-00592*, 182 Ariz. 440, 445 (App. 1995). We review the evidence in the light most favorable to sustaining an order for involuntary treatment, *In re MH 2008-000438*, 220 Ariz. 277, 278, ¶ 6 (App. 2009), and we will affirm if the order is supported by substantial evidence, *MH 94-00592*, 182 Ariz. at 443.

¶8        The superior court found Appellant persistently or acutely disabled and in need of psychiatric treatment with no other available alternative to court ordered treatment. Persistent or acute disability is defined as

a severe mental disorder that meets all the following criteria:

(a) If not treated has a substantial probability of causing the person to suffer or continue to suffer severe and abnormal mental, emotional or physical harm that significantly impairs judgment, reason, behavior or capacity to recognize reality.

(b) Substantially impairs the person's capacity to make an informed decision regarding treatment, and this impairment causes the person to be incapable of understanding and expressing an understanding of the advantages and disadvantages of accepting treatment and understanding and expressing an understanding of the alternatives to the particular treatment offered after the advantages, disadvantages and alternatives are explained to that person.

(c) Has a reasonable prospect of being treatable by outpatient, inpatient or combined inpatient and outpatient treatment.

A.R.S. § 36-501(32). Appellant challenges only the criteria outlined in subsections (b) and (c). He argues the record does not support the court's findings because the information relied on in the affidavits was stale. Appellant also contends he is at or approaching his "baseline" on current medication and thus he is not treatable under § 36-501(32)(c). But the record includes substantial evidence to the contrary.

¶9        Dr. Sadr and Dr. Gupta provided affidavits based on medical records and the interviews they conducted with Appellant and agreed further court-ordered treatment is necessary. Both physicians completed their interviews with Appellant near the end of his treatment under the 2019 order and close to the filing of the petition. During the interviews, Appellant actively hallucinated, responded nonsensically to questions, and lacked insight into his condition. Because the interviews provided reasonable grounds for the physicians' opinions and were conducted shortly before the petition was filed, the information was not stale.

¶10        We are not persuaded by Appellant's assertion that his conditions are not treatable because his medication is currently helping him achieve some degree of improvement. Two of Appellant's treating providers, a psychiatric nurse practitioner and case manager, testified that Appellant needs continuing court-ordered inpatient care to be successful. Both pointed to Appellant's past inability to remain in treatment and take recommended medication unless he was in a court-ordered setting. The nurse practitioner attributed Appellant's success to the new medications and the highly-structured-inpatient environment. Appellant's special

assistance advocate expressed concerns Appellant would decompensate in a less restrictive setting but did not say definitively that Appellant needs court-ordered inpatient care.

**¶11**     The physicians' affidavits established Appellant was disabled based on interviews in which Appellant presented disheveled, with nonresponsive communication, paranoia, and hallucinations—including auditory hallucinations telling him to harm himself.  Other providers testified about their interactions with Appellant and noted his continued unsuccessful attempts at outpatient treatment, inability to complete activities of daily living, and Appellant's paranoia and hallucinations.

**¶12**     We recognize Appellant presented some evidence supporting his position that court-ordered treatment is no longer necessary; however, we do not reweigh the evidence on appeal.  *In re Pima Cnty. Mental Health No. MH-2010-0047*, 228 Ariz. 94, 98, ¶ 17 (citation omitted) (The superior court is in the best position to "observe witnesses, judge credibility, weigh evidence, and make findings of fact.").  Moreover, "[a] finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists." *Kocher v. Ariz. Dep't of Revenue*, 206 Ariz. 480, 482, ¶ 9 (App. 2003).  Because substantial evidence supports the superior court's finding that Appellant needs psychiatric treatment due to a persistent or acute disability, we need not address whether substantial evidence supports a finding of grave disability.

**CONCLUSION**

**¶13**     We affirm the superior court's order for involuntary mental health treatment.

